*328 The opinion of the Court was delivered by
Johnston, Ch.
Nothing is better settled in our practice, (not only in cases of intestacy, but in cases under contract, as may be seen in the case of Stoney vs. Shultz,) than that where the value of improvements is to be computed in a division, the process is 'to allow not the cost of the improvements, but the value they impart to the premises. Whatever may be the rule in other States or countries, this is our rule; and may be traced back as far as 1832, if not to an earlier time. A rule to allow the cost of improvements would subject the owner of the premises to the want of judgment or economy of the improver, and’render him liable to be built out of his land,by the improvidence of his tenant.
It is equally a notorious practice in partition cases, that a party dissatisfied with the rate at which land is recommended to be assigned to another party, may shake the proposed assignment, and bring the property to a sale by making and securing a bid for a material advance in price over the value assessed by the Commissioners. The Court would not attend to an insignificant advance, (since such a practice would tend to hang up causes indefinitely, without sensibly promoting the justice of cases,) but wherever the advance is for the substantial benefit of all the parties interested in the partition, the Court is bound to attend to it.
It is ordered that the appeal be overruled, and the decree confirmed.
Dunkin and Wardlaw, CC., concurred.

Appeal dismissed.